**HYDE & SWIGART, APC**
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Fax: (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (SBN: 250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Fax: (866) 431-3292

*Attorneys for Plaintiff*
Keisha Newsom

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DISTRICT

| | |
|---|---|
| **KEISHA NEWSOM,**<br><br>Plaintiff,<br><br>v.<br><br>**EQUIFAX INFORMATION SERVICES, LLC.**<br><br>Defendant. | Case No: 5:19-cv-00730<br><br>**CLASS ACTION**<br><br>**Complaint for Damages for Violations of:**<br><br>**The Fair Credit Reporting Act, 15 U.S.C. § 1681** *et seq.*;<br>**Negligence**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Keisha Newsom ("Plaintiff") brings this class action to challenge the actions of Defendant Equifax Information Services, LLC. ("Defendant"), for willfully violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to her counsel, which Plaintiff alleges on personal knowledge.

2. Defendant is a "consumer reporting agency" under the FCRA that provides consumers with their credit reports. The FCRA-governed content of these credit reports is determined by the secretion of consumer reporting agencies such as Defendant. Defendant continuously misrepresents the source of the public record information (such as bankruptcies and civil judgments) Defendant publishes on online credit reports ("Public Record Information") in order to circumvent costs associated with purchasing the records from the actual source in violation of 15 U.S.C. § 168lg(a)(2).

3. Defendant works closely with vendors such as LexisNexis to obtain the Public Record Information, then Defendant represents on credit reports, that the Public Record Information originated from a public record such as a court or government entity, rather than the actual source, which is LexisNexis or another vendor.

4. This practice deceives consumers and limits consumers' access to the true source of Public Record Information, therefore preventing consumers from directly addressing the true source of Public Record Information in order to ameliorate any errors if they should occur.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION & VENUE

8. Original subject matter jurisdiction is valid in this U.S. District Court for violations of the FCRA pursuant to 28 U.S.C. § 1331.

9. Venue is proper pursuant to 28 U.S.C. 15 U.S.C. § 1391(b) because Defendant, at all times herein mentioned, was doing business in the County of Riverside, State of California. Further, venue is proper in this district because Plaintiff resided in this district at all times herein mentioned such that a substantial part of the events giving rise to the claim occurred in this district.

10. Venue is also proper in U.S. District Court, Central District of California, pursuant to 28 U.S.C. § 1391(b) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and Defendant's contacts with this District are sufficient to subject it to personal jurisdiction

## PARTIES & DEFINITIONS

11. Plaintiff, at all times mentioned herein was a natural person, individual citizen and resident of the State of California, City and County of Riverside. In addition, Plaintiffs are "consumer[s]" as that term is defined by 15 U.S.C. § 1681a(c) of the FCRA.

12. Defendant is and at all times mentioned herein was, an FCRA-governed "consumer reporting agency". Defendant is a Georgia limited liability company authorized to conduct business in the State of California.

13. The causes of action herein pertain to Plaintiff's "consumer credit reports," as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA, in that inaccurate misrepresentations of Plaintiff's information was made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

**FACTUAL ALLEGATIONS**

14. For Defendant's online generated credit reports, Defendant selectively decides which information to provide to consumers that request the FCRA governed information in Defendant's possession and which information it will hide from consumers. Defendant withholds certain information in order to minimize its compliance costs and to avoid customer service inquiries directed at them and its business partners or private vendors. As mentioned above, these private vendors and/or business partners include companies like LexisNexis, a third party that sells public record information to Defendant and then, in turn, processes disputes regarding that public record information via the "ACDV" system.

15. Defendant misrepresents the source of consumers' bankruptcy Public Record Information by falsely stating that a given courthouse is the source of the Public Record Information, while affirmatively hiding the true source of the Public Record Information.

16. Defendant does not obtain its Public Record Information about bankruptcies from courthouses or actual government entities.

17. Defendant obtains information about bankruptcies, court judgments, and liens from private vendors such as LexisNexis.

18. The Public Record Information provided on Plaintiff's credit reports by Defendant is not the actual court record and did not come from the court,

rather, it is an abbreviated version of the Public Record Information, which does not contain all the information in actual public records such as those of courthouses or the government. This leads to a large number of mistakes reflected in the Public Record Information on consumers' online credit reports generated by Defendant.

19. The mistakes in consumer credit reports are seen by anyone that requests that consumer's file, and oftentimes cause injury to that consumer.

20. The FCRA requires credit reporting agencies including Defendant to "clearly and accurately disclose to the consumer the sources of the information" in the consumer's credit report under 15 U.S.C. § 1681g(a)(2).

21. It is imperative that consumers know the true source of the Public Record Information in their credit reports and have the ability to directly address the true source of Public Record Information in order to ameliorate any mistakes in the Public Record Information on credit reports.

22. On or around April 28, 2018, Plaintiffs checked her credit report using Defendant's online services and the Public Record Information listed the source of Plaintiff's Chapter 7 bankruptcy information as "CA FED BK CT-SAN DIEGO" rather than LexisNexis or another third party vendor—the actual source of the information.

23. Defendant did not obtain its Public Record Information concerning Plaintiffs from the California Federal Court. It would be far too costly and cumbersome for Defendant to obtain that information directly from the court, if it is even possible.

24. Bankruptcy courts have converted to electronic files and filing and now use ECF and PACER. The bankruptcy courts do not have paper files for all the bankruptcies that can be pulled to gather public record information.

25. Defendant obtained its Public Record Information concerning Plaintiff from one of its private vendors and/or business partners such as LexisNexis that most likely obtains the information from PACER and then processes and

organizes the information so Defendant or LexisNexis can pair the information with consumer files.

26. Defendant never identified LexisNexis or any other vendor as the source of the public record information that makes its way into the consumer credit files that it sells, or any of the other less publicized marketing or risk assessment databases that it maintains.

27. Defendant unambiguously deprived Plaintiff of the true source of the valuable Public Record Information, in violation of the FCRA.

28. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendant, pursuant to 15 U.S.C. § 1681g(a)(2):

> Every consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer: The sources of the information; except that the sources of information acquired solely for use in preparing an investigative consumer report and actually used for no other purpose need not be disclosed: Provided, That in the event an action is brought under this subchapter, such sources shall be available to the plaintiff under appropriate discovery procedures in the court in which the action is brought.

29. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendant, pursuant to 15 U.S.C. § 1681e(b) of the FCRA:

> (b) Accuracy of report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

## STANDING

30. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

a. a valid injury in fact;

b. which is traceable to the conduct of Defendant;

c. and is likely to be redressed by a favorable judicial decision.

*See*, *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

31. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

### A. The "Injury in Fact" Prong

32. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo*. *Spokeo, Inc*, 136 S.Ct. at 1547.

33. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. In the present case, Plaintiff's ability to directly challenge any inaccurate information related to the Public Record Information on her credit report was substantially limited by Defendant's failure to disclose the true source of Plaintiff's bankruptcy information. Such conduct denied Plaintiff of the right to information du to her under the FCRA. *See* was called on Plaintiff's cellular phone by Defendant. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. *Lane v. Bayview Loan Servicing, LLC*, No. 15–cv–10446, 2016 WL 3671467, at *3–5 (N.D.Ill. July 11, 2016); *Thomas v. FTS USA, LLC, No. 13–cv–00825*, 2016 WL 3653878, at *8–10, *8 n. 3 (E.D.Va. June 30, 2016) (plaintiff adequately established a concrete injury resulting from defendant's failure to provide the "clear and conspicuous" disclosure required by the FCRA; stating that "[i]t is well within Congress's power to specify the form in which [legally-mandated] information must be presented"). All three of these injuries are concrete and *de facto*.

34. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo, Inc*, 136 S.Ct. at 1548. It was Plaintiff's credit report that was missing accurate information due to

Defendant's practice to deprive consumers of the actual source of their Public Record Information. This injury is particularized and specific to Plaintiff, and will be the same injuries suffered by each member of the putative class.

### B. The "Traceable to the Conduct of Defendant" Prong

35. The second prong required establishing standing at the pleadings phase is that Plaintiff must allege facts to show that Plaintiff's injury is traceable to the conduct of Defendant(s).

36. In the instant case, this prong is met simply by the fact that Defendant maintains a practice to not disclose its vendors as the source of Plaintiff's Public Record Information. Defendant reported "CA FED BK CT-SAN DIEGO" on Plaintiff's credit report as opposed to the actual third party source.

### C. The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong

37. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

38. In the present case, Plaintiff's Prayers for Relief includes a request for damages for inaccurate reporting on Plaintiff's credit report, as authorized by statute in 15 U.S.C. § 1681n(a)(1). The statutory damages were set by Congress and specifically redress the damages suffered by Plaintiff.

39. Furthermore, Plaintiff's Prayers for Relief requests injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

40. Because all standing requirements of Article III of the U.S. Constitution have been met, as presented *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, Plaintiff has standing to sue Defendant on the stated claims.

//

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

42. Plaintiff represents, and is a member of the Class, consisting of:

    > All persons who filed bankruptcy in the United States Bankruptcy Courtwithin the last 10 years, for whom Defendant inaccurately reported the source of the bankruptcy records on their online generated credit reports, within five years preceding the filing of this action through the date of an Order granting Class certification or preliminary approval of Class Action Settlement.

43. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believe the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

44. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: (i) Defendant prepares and delivers thousands of online consumer reports to consumers who have filed bankruptcy in the United States Bankruptcy Court, Southern District of California; and (ii) Defendant's uniform practice and procedure is to not publish the third party vendor responsible for acquiring the information on the credit reports. Plaintiff and the Class members were damaged thereby.

45. This suit seeks only damages for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

46. **Numerosity**. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits

both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agents' records.

47. **Existence and Predominance of Common Questions of Law and Fact**. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a) Whether, within the five years prior to the filing of this Complaint, Defendant inaccurately reported the source of Plaintiff and members of the Class' Public Record Information;
   b) Whether the inaccuracy was due to the Defendant's standard unreasonable procedures;
   c) Whether Plaintiff and the Class members suffered injury as a result of the inaccuracy;
   d) Whether Plaintiff and the Class members injuries were caused by the exclusion of the accurate source;
   e) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations;
   f) Whether Defendant's conduct was negligent and/or willful;
   g) Whether Plaintiff and the Class are entitled to punitive damages; and
   h) Whether Plaintiff and the Class are entitled to any other relief.

48. **Typicality**. As a consumer that requested and received at least one online consumer credit report from Defendant, which failed to include the actual source of her Public Record Information, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

49. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, the violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

50. **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect the interests of other members of the Class in that Plaintiff has no interests antagonistic to any member of the Class. Further, Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act.

51. **Superiority**. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with the FCRA. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of the FRCA are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

52. The conduct, action, and inaction of Defendant were willful, rendering the Defendant liable for statutory and punitive damages in an amount to be determined by the Court. In the alternative, Defendant acted negligently entitling Plaintiff and the Class to actual damages sustained by each consumer.

### FIRST CAUSE OF ACTION
### FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ.

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
54. The foregoing acts and omissions constitute violations of the FCRA.
55. As a credit reporting agency, Defendant is required to comply with 15 U.S.C. § 1681g(a)(2) of the FCRA.
57. Defendant violated 15 U.S.C. § 1681g(a)(2) by failing to clearly and accurately disclose to Plaintiff and the Class the sources that supplied any information to the credit-reporting agency about Plaintiff and the Class.
58. Defendant violated 15 U.S.C. § 1681e(b) of the FCRA by maintaining the very inaccurate information about which it reported.
59. As a result of the violation of the FCRA, Plaintiff and the Class are entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).
60. As a result of the willful violation of the FCRA, Plaintiff and the Class are also entitled to and seeks statutory damages of $100.00 to $1,000.00 per violation and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

**SECOND CAUSE OF ACTION**
**NEGLIGENCE**

61. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.
62. Defendant owed a duty of care to Plaintiff and the Class to provide Plaintiff and the Class with accurate and true information on their credit reports.
63. Defendant negligently failed to take affirmative steps to provide Plaintiff and the Class with accurate and true information on their credit reports.
64. Defendant's conduct proximately caused injuries to Plaintiff and the Class.

65. Due to Defendant's conduct as set forth herein, Plaintiff and the Class are entitled to actual damages in an amount to be established at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court to grant Plaintiff and the Class the following relief against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- Any such further relief as may be just and proper.

In addition, Plaintiff and the Class pray for further judgment as follows against Defendant:

## FIRST CAUSE OF ACTION
## FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ.

- Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);
- Statutory damages of $1,000.00 per violation per month of reporting, pursuant to 15 U.S.C. § 1681n(a)(1);
- Punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- Injunctive relief to command Defendant to correct the information furnished on Plaintiff and the Class' credit reports and prohibit it from engaging in future violations;
- Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);
- Any other relief the Court may deem just and proper including interest.

## SECOND CAUSE OF ACTION
## NEGLIGENCE

- As a result of Defendant's negligence, Plaintiff and the Class are entitled to money damages in an amount to be proven at trial; and
- Any and all other relief that the Cost deems just and proper.

///
///
///
///
///
///

## TRIAL BY JURY

66. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: April 22, 2019

**Hyde & Swigart, APC**

By: *s/ Joshua B. Swigart*
Joshua B. Swigart, Esq.
josh@westcoastlitigation.com
Attorneys for Plaintiff